Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, March 05, 2012 3:34:17 PM

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GLORIA JEAN WOLFE, | ) | Case No. 09-1326 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| SANDRA E. KUHNS and | ) | Misc. Proc. No. 3:10-01 |
| STACIA FULLER. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

The Office of the United States Trustee ("USTE") seeks to enjoin Sandra Kuhns and Stacia Fuller ("Kuhns and Fuller") under § 110(j)(3) of the Bankruptcy Code and/or the court's general contempt powers from acting as bankruptcy petition preparers ("BPPs"); impose fines against Kuhns and Fuller; direct Kuhns and Fuller to refund all fees collected from prospective debtors who filed petitions after December 29, 2009; and assess any actual damages that may have been suffered by any debtor plus an additional $2,000.00 for fraudulent and deceptive conduct.[1]

Kuhns and Fuller, acting *pro se*, contend that, among other things, they should not be enjoined because this court lacked authority to set a reasonable fee to be charged by BPPs, they believed the effect of the court's December 29, 2009 order was stayed pending their appeal to the District Court, and they acted on the advice of counsel in taking certain actions in violation of the court's December 29, 2009 order and § 110.

---

[1] Before the USTE filed its motion, the court entered an order to show cause, but the court consolidated for hearing purposes the USTE's motion and its order to show cause.

1

For the reasons stated herein, the court will grant the USTE's motion, in part, and otherwise finds that Kuhns and Fuller failed to show cause as to why they did not violate this court's December 29, 2009 order and/or § 110 of the Bankruptcy Code.

## I. BACKGROUND

On July 20, 2009, the USTE filed its first motion for an injunction and other relief in the above-captioned bankruptcy case. After several continuances — granted in an effort to allow the parties an adequate opportunity to settle the issues raised in the USTE's motion — the court held a December 10, 2009 evidentiary hearing to consider the USTE's motion. At that hearing, the parties informed the court that all of the issues raised by the USTE's motion were settled but one; the only issue remaining for the court's consideration was the reasonableness of fees charged by Kuhns and Fuller. At the conclusion of the evidentiary hearing — at which Ms. Kuhns and Ms. Fuller were both present and represented by counsel — the court ordered that $150.00 was a reasonable fee for Kuhns's and Fuller's authorized services in the cases before the court, and any excess fee collected was to be refunded to their clients. The court's holding regarding the fee was memorialized in its December 29, 2009 order, which also incorporated the terms agreed upon by the parties regarding authorized services provided by BPPs, permissible advertising, and the imposition of fines. Additionally, the court ordered that, in addition to the remedies provided by § 110, violations of the December 29, 2009 order or any provisions of the Bankruptcy Code — including further violations of § 110 — be punishable pursuant to the general contempt powers of the court.

Regarding permissible services to be provided by BPPs, the parties agreed, and the court ordered, that BPPs may only perform secretarial or word-processing services, limited to typing or transcribing; and may only provide prospective debtors with Official Forms or questionnaires to be completed by the debtor. The court explicitly ordered that BPPs may not provide to prospective debtors any other documents, pamphlets, or brochures regarding bankruptcy law and procedure, and may not provide a prospective debtor with any advice or information, whether written or oral, regarding bankruptcy law or procedures.

As the order relates to permissible advertising by BPPs, the parties agreed and the court ordered that BPP's advertisements not contain the word 'legal' or 'paralegal' or any similar term; be published under any category containing advertisements by attorneys; or include the name "Fuller

2

and Kuhns" or any other business name that implies or suggests the BPPs are a law firm.  The order also precludes BPPs from using advertisements that suggest their services can be anything more than merely typing or transcribing written information, precludes BPPs from suggesting they can provide any advice regarding bankruptcy law or procedure, and precludes the use of the following terms: advise, consult, advocate, guidance, counsel, or similar terms.

On January 11, 2010, Kuhns and Fuller, acting *pro se*, appealed this court's December 29, 2009 order as it related to the determination regarding the reasonableness of the fees charged by them as BPPs in the cases then before the court.[2]  Although Kuhns and Fuller appealed this court's December 29, 2009 order, neither party acted to stay the effect of the order pending the disposition of the appeal.  Kuhns and Fuller submitted their appellate brief to the District Court on May 14, 2010, after receiving the District Court's order to show cause requiring them to submit a brief by that day or have their appeal dismissed.[3]  On May 18, 2010, the District Court entered an order affirming this court's decision regarding the reasonableness of fees charged by BPPs, and mailed a copy of its order to Ms. Kuhns at 106 E. South Maple Avenue, Martinsburg, WV, 25401, the same address where she accepted service of the District Court's order to show cause.  The District Court's memorandum opinion affirming this court, sent by certified mail, was returned as unclaimed.  Upon receiving the returned mail, the Clerk of the District Court did not take further action.

On November 23, 2010, the court was copied with correspondence from Anita Casey, Executive Director of the West Virginia State Bar (the "State Bar"), to Ms. Kuhns.  The letter indicated that, upon review by the Unlawful Practice of Law Committee of the State Bar (the "Committee") of an August 31, 2010 advertisement in The Martinsburg Journal, Kuhns and Fuller

---

[2] The Notice of Appeal filed by Kuhns and Fuller appears to be signed by Sandra Kuhns on behalf of herself, Stacia Fuller, and their business, Fuller and Kuhns - Bankruptcy Petition Preparers Service.  Kuhns and Fuller each signed their Statement of Issues on Appeal and their appellate brief.

[3] Service of the District Court's order was accepted by Ms. Kuhns at 106 E. South Maple Avenue, Martinsburg, WV, 25401.  Also, at the hearing in this matter conducted on September 7, 2011, Ms. Kuhns authenticated her signature, which appears on a certified mail receipt made part of the record as the USTE's Exhibit 11, acknowledging her receipt of the Notice of General Guidelines for Appearing *Pro Se* in Federal Court issued by the District Court.

3

were believed to be in violation of this court's December 29, 2009 order. The Committee directed Ms. Kuhns and her office to immediately cease and desist from any activity in conflict with the court's order, including improper advertising. Upon receiving the State Bar's letter regarding Kuhns and Fuller, the court initiated a miscellaneous proceeding against Kuhns and Fuller, and ordered them to show cause as to why they did not violate this court's December 29, 2009 order and/or § 110 of the Bankruptcy Code. According to Kuhns and Fuller, their receipt of this court's December 1, 2010 order to show cause was the first time they were made aware of the District Court's ruling upon their appeal challenging this court's ruling regarding the reasonableness of their fees.[4]

The USTE filed its current motion on January 13, 2011, at which time the court conflated proceedings on its order to show cause and the USTE's motion, and held a September 7, 2011 evidentiary hearing to consider its order to show cause and the USTE's motion.

## II. DISCUSSION

The USTE seeks to enjoin Kuhns and Fuller under § 110(j)(3), and/or the court's general contempt powers as set forth in § 105(a) of the Bankruptcy Code for allegedly violating the court's December 29, 2009 order by, among other things, not refunding fees; charging prospective debtors more than $150.00; engaging in improper advertising; providing prohibited services to prospective debtors; and failing in their responsibility to truthfully and accurately disclose their compensation as required by § 110(h)(2). The USTE also seeks to impose fines under § 110(l)(1), direct the refund of fees, and award damages under § 110(i).[5]

---

[4] To the extent that Kuhns and Fuller assert that they were unduly prejudiced by their failure to receive the District Court's May 18, 2010 affirming this court's memorandum opinion regarding the reasonableness of fees charged by them in time to take an appeal to the United States Court of Appeals for the Fourth Circuit, their argument fails for two reasons: (1) the address on record with the District Court was the 106 E. South Maple Avenue address where Ms. Kuhns accepted service of the District Court's May 14, 2010 order to show cause, and it is a party's responsibility to correct a wrong address on record with the court, *see USAA Federal Savings Bank v. Otto*, 409 B.R. 912, 916 (Bankr.D.Minn. 2009); and (2) although Kuhns and Fuller may not have received notice of the District Court's ruling until December 2010, any right to appeal that they may have possessed could still have been pursued at that time. Fed. R. App. P. 4(a)(5)(A)(ii) and/or (6).

[5] The court need not address the USTE's requests for the refund of fees, because the court ordered a refund in its December 29, 2009 order, and thus, no further analysis regarding the

4

Kuhns and Fuller assert that this court lacked authority to set a reasonable fee to be charged by BPPs; the effect of the court's December 29, 2009 order was stayed pending their appeal to the District Court; they acted on the advice of counsel in taking certain action in violation of the court's December 29, 2009 order and § 110; and there is a need for their services such that they should not be enjoined from acting as BPPs.[6]

Regarding the USTE's request that Kuhns and Fuller be enjoined from acting as BPPs, the court, as part of its contempt power, may enjoin a BPP that has failed to comply with a previous order of court issued under § 110 of the Bankruptcy Code.  11 U.S.C. § 110(j)(3).  Additionally, the court is free to issue *sua sponte* any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code or enforce court orders, § 105(a), and the court is mindful that § 110 was enacted not as a legitimization of BPPs as a profession, but rather as a consumer protection statute for the benefit of debtors.  *See In re Evans*, 413 B.R. 315, 322-23 (Bankr. E.D.Va. 2009).

Although the USTE brought its motion on multiple grounds, the court finds it sufficient to dispose of the motion based on violations of the December 29, 2009 order regarding the refund of fees, the filing of fraudulent disclosures of compensation, improper advertising, and unauthorized services provided by Kuhns and Fuller.

Here, the court explicitly ordered that the reasonable value of authorized services provided by Kuhns and Fuller in the 15 cases then before the court was $150.00.  The court further ordered Kuhns and Fuller to refund any amounts paid by their clients in excess of the $150.00 reasonable

---

refund of fees is warranted.  Similarly, the court will not address the USTE's request for an award of damages under § 110(i), because no evidence of damages was presented to the court at the September 7, 2011 evidentiary hearing.

Regarding cases filed after December 29, 2009, the USTE did not file motions in those cases seeking the refund of fees, and, although those cases may be evidence of Kuhns's and Fuller's violation of the court's December 29, 2009 order, the court will not order the refund of fees in cases not properly before the court.  As stated in paragraph 16 of the December 29, 2009 order, the parties agreed that Kuhns and Fuller would refund fees to other debtors for whom Kuhns and Fuller acted as BPPs; the parties currently have no such agreement.  *See* 11 U.S.C. § 110(h)(3) (contemplating disallowance of fees in excess of the value of any services rendered during the 12-month period preceding the date of the filing of *the* petition)(emphasis added).

[6] Although Kuhns and Fuller, *pro se*, may not represent each other, the court will address their arguments together due to their substantial similarity.

5

fee.[7] Although the parties could not agree on a reasonable fee for authorized BPP services, the parties agreed that the refund of fees in excess of the reasonable fee determined by the court would occur by June 30, 2010. At the September 7, 2011 evidentiary hearing on the USTE's current motion to enjoin Kuhns and Fuller, Sandra Kuhns testified that she and Ms. Fuller did not refund the fees in excess of the $150.00 reasonable fee established in the court's December 29, 2009 order, thus violating the order. More importantly, Kuhns and Fuller each testified that they continued to charge and accept fees in excess of $150.00 in cases for which they rendered services after December 29, 2009, but only disclosed a $150.00 fee on the disclosures of compensation filed by their clients.

Although the terms of the court's December 29, 2009 order did not establish a fixed fee of $150.00, it certainly provided a guidepost. But even if Kuhns and Fuller could have demonstrated entitlement to a higher fee in subsequent cases, there are no circumstances where the signing of fraudulent disclosures of compensation is appropriate or permissible. Thus, not only did Kuhns and Fuller violate the court's December 29, 2009 order as it relates to the reasonable fee in the cases then before the court, they also violated § 110(h)(2) of the Bankruptcy Code by submitting fraudulent disclosures of compensation in cases filed after the court's December 29, 2009 order. Specifically, Ms. Kuhns testimony showed that she submitted at least 39 fraudulent disclosures of compensation in violation of § 110(h)(2) of the Bankruptcy Code and the court's December 29, 2009 order.[8] To the extent that Kuhns and Fuller assert that any amount charged above $150.00 represents administrative fees for things other than typing a bankruptcy petition, § 110(h)(2) requires disclosure

---

[7] The court's December 29, 2009 order lists 15 cases, including the above-captioned case of Ms. Wolfe, in which Kuhns and Fuller were ordered to refund a total of $5,550.00 by June 30, 2010.

[8] The testimony of Ms. Fuller, and that of her mother, clearly demonstrates that she had knowledge of and assisted in the preparation of several cases in which fees in excess of $150.00 were charged but not disclosed; a practice that Ms. Fuller, like her mother, attempted to vindicate at the hearing.
Moreover, although Ms. Kuhns signed and submitted the vast majority of disclosures of compensation in cases which Kuhns and Fuller acted as BPPs, Ms. Fuller did admit to submitting at least one fraudulent disclosure of compensation.

6

of *any* fee received from the debtors, not just those fees connected with the typing of the petition.[9] *See In re Evans*, 413 B.R. 315, 324 (Bankr.E.D. Va. 2009) ("The plain language of the statute does not limit the fee received to only fees incurred in connection with typing the petition and schedules." (citing *In re Kaitangian*, 218 B.R. 102, 114 (Bankr.S.D.Cal. 1998))).

Once again, the court's December 29, 2009 order found $150.00 to be the reasonable value of authorized services performed by Kuhns and Fuller only in the cases then before the court. Nothing in the December 29, 2009 order can be construed as a general prohibition against Kuhns and Fuller receiving compensation greater than $150.00 in appropriate cases, and to the extent Ms. Kuhns and Ms. Fuller believed they were entitled to greater compensation in a case after the court's December 29, 2009 order, such compensation should have been disclosed, and in appropriate circumstances may have been allowed. The filing of fraudulent disclosures in that regard, however, is most troublesome and readily sanctionable under § 110 and by the court's general contempt power afforded under § 105(a) of the Bankruptcy Code.

Regarding the advertising of Kuhns and Fuller, the court finds such advertising to be violative of the court's December 29, 2009 order. The USTE's Exhibit 6 and 7 contain photocopies of advertisements placed in The Martinsburg Journal and The Buyer's Guide — both periodicals local to the Martinsburg, WV area — by Kuhns and Fuller. Each advertisement was placed by Kuhns and Fuller after entry of the court's December 29, 2009 order: in The Buyer's Guide on January 27, 2010, March 24, 2010, and January 5, 2011, and in The Martinsburg Journal on March 14, 2010, and September 12, 2010. The court finds these advertisements to be violative of its December 29, 2009 order. Specifically, the advertisements improperly contain the name "Fuller & Kuhns," suggest legal

---

[9] Specifically, the provision mandates that

A declaration under penalty of perjury by the bankruptcy petition preparer shall be filed together with the petition disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor. If rules or guidelines setting a maximum fee for services have been promulgated or prescribed under paragraph (1), the declaration under this paragraph shall include a certification that the bankruptcy petition preparer complied with the notification requirement under paragraph (1).

11 U.S.C. § 110(h)(2).

7

consequences of filing bankruptcy, and otherwise suggest that Kuhns and Fuller's services include more than merely typing or transcribing written information.

For example, the advertisements contain the following phrases suggesting the legal consequences of filing bankruptcy: "Get a fresh start for the New Year! Call Today!"; "Judgments. Garnishments. Foreclosures. Not able to afford an attorney?"; "Creditors Calling - Threats of Repossession? Foreclosure? Garnishments?" The advertisements also contain the following phrases that suggest Kuhns and Fuller are able to provide services in addition to merely typing and transcribing written information: "We File Bankruptcy under the US Bankruptcy Code"; "Not able to afford an attorney? Call us before it's too late!"; "Not Able To Afford An Attorney? WE CAN HELP! 24/7." Thus, Kuhns and Fuller violated the court's December 29, 2009 order as it relates to permissible advertising, because they are advertising as if Kuhns and Fuller is more than a typing/transcription service.

As it relates to permissible services to be provided by BPPs, the court's December 29, 2009 order constrains the permissible services to merely secretarial or word-processing services, limited to typing or transcribing written documents or information. Here, Kuhns and Fuller provided improper services after the court's entry of its December 29, 2009 order. For example, Ms. Kuhns testified at the September 7, 2011 evidentiary hearing that when preparing a petition with judgment creditors, she was required to list the judgment on the petition three times — once each for the judgment creditor, counsel for the judgment creditor, and the court where the judgment was rendered. Ms. Kuhns's testimony in that regard evidences that the prospective debtors did not complete the petition for Ms. Kuhns's typing or transcription before meeting with her, but took information to Ms. Kuhns for her use in preparing the petition and schedules. Ms. Kuhns also testified that in the case of Robert P. Williams she was asked by Mr. Williams to amend his petition to remove property from Mr. Williams' Statement of Financial Affairs and place the property on Schedules A and D. Moreover, Ms. Kuhns testified generally about her practice of receiving bills and pay stubs of prospective debtors in preparing bankruptcy petitions. The court finds these practices to be violative of its December 29, 2009 order, because Kuhns and Fuller are only permitted to perform secretarial or word-processing services; BPPs are only permitted to type or transcribe forms filled out by prospective debtors, not use information provided by the prospective debtors to complete the petition

8

and schedules.

Although Kuhns and Fuller acknowledge violations of the court's December 29, 2009 order, they assert that this court lacked authority to set a reasonable fee that they can charge prospective debtors. Specifically, Kuhns and Fuller assert that only the Supreme Court of the United States or the Judicial Conference of the United States possess the authority to set fees to be charged by BPPs.

Kuhns and Fuller are correct that "the Supreme Court may promulgate rules under [§] 2075 of title 28 . . . for setting a maximum allowable fee chargeable by a bankruptcy petition preparer." 11 U.S.C. § 110(h)(1).[10] But, "the court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2)— (i) found to be in excess of the value of any services rendered by the bankruptcy petition preparer . . . ; or (ii) found to be in violation of any rule or guideline promulgated . . . under paragraph (1)." 11 U.S.C. § 110(h)(3)(A).

Here, the court's December 29, 2009 order does not attempt to set a maximum allowable fee to be charged by BPPs, but specifically finds the reasonable value of services provided by these preparers — typing and transcription services — to be $150.00 for cases then before the court. Therefore, Kuhns's and Fuller's argument regarding the court's authority to set a maximum allowable fee to be charged by BPPs is misplaced, because the court did not set a maximum allowable fee to be charged by BPPs. Rather, the court found the reasonable value of services provided by Kuhns and Fuller to be $150.00 and ordered the excess fees refunded, which Kuhns and Fuller ignored. Moreover, § 110(h)(1) permits the Supreme Court of the United States or the Judicial Conference of the United States to set a maximum allowable fee chargeable by a BPP; § 110(h)(1) does not, however, proscribe action by a bankruptcy court. Indeed, § 110(h)(3)(A) is mandatory as it relates to a court's disallowance of fees in excess of the value of the authorized services provided by Kuhns and Fuller. Nevertheless, the court's findings on the USTE's current motion are not based on a determination regarding excessiveness of fees charged in cases after December 29, 2009, but rather Kuhns's and Fuller's failure to refund the fees in the cases that were the subject of the court's December 29, 2009 order, and their lack of disclosure in cases filed after December 29, 2009, in

---

[10] Neither the Supreme Court, nor the Judicial Conference has taken any action to promulgate rules or guidelines for setting a maximum allowable fee pursuant to § 110(h)(1), and the statute imposes no mandatory duty upon them to do so.

9

violation § 110(h)(2).

Regarding Kuhns's and Fuller's appeal of the court's December 29, 2009 order, no action was taken to stay the effect of this court's order pending the appeal, and, thus, the court's December 29, 2009 order remained in full force and effect. *See A & H Holding Corp. v. O'Donnell (In re Abington Realty Corp.)*, 530 F.2d 588, 589 (4th Cir. 1976) (holding that an appeal of a bankruptcy court order does not stay the effect of the order unless a stay pending appeal is requested and received). Although Kuhns and Fuller assert that they were unaware of the necessity to file a motion for stay pending appeal, they are "not entitled to a general dispensation from the rules of procedure . . . ." *In re Laredo*, 334 B.R. 401, 408 (Bankr.N.D.Ill. 2005); *see FDIC v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994) (noting that a litigant's *pro se* status does not absolve him from compliance with the federal rules); *see also In re Wright*, 223 B.R. 886, 893 (Bankr.E.D.Pa. 1998) ("Although the pleadings of *pro se* litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure.").

Insofar as Kuhns and Fuller raise the "advice of counsel" defense, they assert that they were advised by their former counsel that they could bifurcate the fee they charged into essentially two categories: (1) a petition preparation fee of $150.00, and (2) administrative fees to help cover their costs of operation, and that only the petition preparation fee needed to be disclosed to the court.

Notwithstanding the fact that their testimony regarding what their former counsel told them is inadmissable as hearsay, they are unable to avail themselves of the "advice of counsel" defense, because "[a] person who has knowledge of a court order and does not comply with it on the advice of counsel does so at his own peril," *Walsh v. Bracken (In re Davitch)*, 336 B.R. 241, 252 (Bankr.W.D.Pa. 2006), and "[a] lawyer is the client's agent, and the client is bound by the consequences of advice that the client chooses to follow." *Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006). Also, "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *In re Rountree*, 448 B.R. 389, 417 (Bankr.E.D.Va. 2011).

Here, even if such evidence were admissible, it is irrelevant that Kuhns and Fuller allegedly acted on advice of counsel in violating the court's December 29, 2009 order by violating § 110 when

10

they began bifurcating the fee they charged and only disclosing $150.00 to the court.  They knew of the order, and they violated the order.  Moreover, the "advice of counsel" defense is only raised as a defense to allegations in the USTE's motion now pending before the court on the issue of fees.  Even if the "advice of counsel" defense was something Kuhns and Fuller could successfully raise, because Kuhns and Fuller violated the court's December 29, 2009 order and § 110 in several ways other than regarding the fees charged, sufficient cause would still exist to find against them.

Regardless of Kuhns's and Fuller's appeal of the court's December 29, 2009 order regarding the reasonableness of fees charged — and/or their advice of counsel defense — the deception exhibited by Kuhns and Fuller, along with Kuhns's and Fuller's violations of the court's December 29, 2009 order as it relates to provisions of § 110 other than § 110(h)(3), are the gravamen of the court's decision to sanction Kuhns and Fuller.  Importantly, Kuhns and Fuller failed to present any evidence — in fact, the court can posit none that could be presented — that excuses the deliberate hiding of information required to be disclosed.  Without full disclosure, the bankruptcy process cannot operate efficiently and provide the intended protection to be afforded debtors under the provisions of § 110.

Having found that Kuhns and Fuller violated the court's December 29, 2009 order and § 110 by failing to refund excess fees, engaging in impermissible advertising, providing prohibited services, and submitting fraudulent disclosures of compensation, the only determination left to be made by the court is that of an adequate remedy.  Based on the egregiousness of Kuhns's and Fuller's conduct, the court finds it appropriate to grant the USTE's motion insofar as it seeks to permanently enjoin Kuhns and Fuller from further acting as BPPs in this district.

Regarding the USTE's request for the imposition of fines under § 110(l)(1), the court's December 29, 2009 order found ten specific violations of § 110 in this case resulting in a total fine of $5,000.00.  The parties agreed, however, to suspend the fines provided that Kuhns and Fuller comply with the provisions of § 110 and the court's December 29, 2009 order for a period not to exceed six months.  The order seems ambiguous in that regard, because "a period not to exceed six months" could be one day, and it is likely that the parties intended that Kuhns and Fuller comply with the December 29, 2009 order for a more substantial period of time.  Nonetheless, because it appears to the court that the imposition of the suspended $5,000.00 fine would be a futile gesture based on

11

Kuhns's and Fuller's lack of financial wherewithal,[11] the court will not impose the suspended $5,000.00 fine in the December 29, 2009 order.

Similarly, the court will not impose fines against Kuhns and Fuller for violations of § 110(l)(1) of the Bankruptcy Code that occurred after the court's December 29, 2009 order. In that regard, the court finds that Kuhns and Fuller committed several violations of § 110 after the court's December 29, 2009 order, but will not impose fines for those violations because it is apparent to the court that the imposition of any fine will be an empty judgment given Kuhns's and Fuller's lack of financial means. Moreover, because the court is permanently enjoining Kuhns and Fuller from acting as BPPs in this district, the court finds the imposition of fines unnecessary to deter future conduct.

In that regard, the court finds that, based on the egregiousness of Kuhns's and Fuller's violations of § 110 and the court's December 29, 2009 order, permanently enjoining Kuhns and Fuller from acting as BPPs in this district is the only effective way to vindicate the purposes behind § 110 and to otherwise protect the integrity of the bankruptcy process. Specifically, the court previously allowed Kuhns and Fuller to continue acting as BPPs in accordance with its December 29, 2009 order — the terms of which, except for the reasonableness of the fee, were agreed to by Kuhns and Fuller — but it is abundantly clear that Kuhns and Fuller did not comply with the terms of the order, even those to which they agreed. Moreover, in the court's view, their conduct in divulging only a portion of the fees charged by them was nothing more than a clever ruse designed to evade a perceived cap on fees. The court cannot tolerate or condone such deceptive behavior; especially when it is accompanied by other misconduct.

### III. CONCLUSION

For the reasons stated herein, the court finds that Kuhns and Fuller violated § 110 of the Bankruptcy Code and the court's December 29, 2009 order. Based on Kuhns's and Fuller's violations, the court will permanently enjoin them from acting as BPPs in this district upon entry of the order accompanying this memorandum opinion.

---

[11] Both Ms. Kuhns and Ms. Fuller have each filed their own individual bankruptcy cases in this district. Ms. Kuhns has filed two personal cases within the last year (Case Nos. 11-bk-1047 and 11-bk-1444), with the most recent being filed August 10, 2011. And Ms. Fuller has one previous individual case (Case No. 09-bk-1017), which was closed January 3, 2011.